PELLEGRINO VITALANO, PLAINTIFF, v. MIKE RUFFO, DEFENDANT.

Submitted May 15, 1926—Decided June 27, 1927.

Alienation of Wife's Affections—Judgment Originally Entered For an Agreed Amount—Other Conditions Entered Into Making the Agreement—Defendant Now Asks That Judgment be Affirmed as Plaintiff Has Made it Impossible to Carry Out Some of the Other Provisions—Held, Not Sufficient Reason to Open Judgment.

On rule to show cause why judgment should not be vacated.

Before Justices Kalisch, Katzenbach and Lloyd.

For the rule, *Harry Silverstein.*

*Contra, Emil J. Hoos.*

Per Curiam.

This case is before this court upon a rule to show cause why a judgment entered in an action in the Supreme Court should not be vacated. Under this rule testimony was taken. The testimony shows that an action was instituted by Vitalano, the plaintiff, against Ruffo, the defendant, to recover damages for the alienation by Ruffo of the affections of Mrs. Vitalano. The case was referred to the Court of Common Pleas for trial. At the first trial the jury disagreed. When the case came up for retrial a judgment was entered in open court against the defendant for $500, without costs, which was the amount agreed upon as damages for the wounded honor of the plaintiff and the loss of his wife's affection. It was further stipulated in open court at the time of entering judgment that as to a counter-claim filed by the defendant a verdict of no cause of action was to be rendered by the jury. The plaintiff further agreed at the time and in open court not to attempt to enforce the judgment of $500 until the

rights of the plaintiff and defendant upon a certain promissory note given by the plaintiff to the defendant had been determined in an action to be brought by the defendant against the plaintiff. The note on its face did not show that the sum therein promised to be paid was due. It was further stipulated for the purposes of the proposed suit that it should be agreed that the note was due. Execution was not to issue on the plaintiff's judgment until the final determination of the defendant's action upon the promissory note.

The defendant evidently desires that the judgment for $500 entered formally in open court be opened because the plaintiff's attorney has refused to either acknowledge service of process in the suit on the promissory note or to advise the defendant's attorney as to the present addresses of Vitalano and his wife. In other words, the defendant asks to have the judgment entered set aside because of his inability to serve process in the proposed suit on the promissory note. There is nothing in the stipulation made in open court which required Vitalano and his wife to accept by attorney or otherwise service of process in the suit proposed to be entered upon the promissory note.

We see in the record no sufficient reason to open the judgment.